IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| OL-RICH GA, INC. | : | Case No. 08-44461-pwb |
| dba OL-RICH PACKING COMPANY, | : | |
|     Debtor. | : | Judge Bonapfel |

___

| | | |
|---|---|---|
| | : | |
| GEORGIA BANK & TRUST CO., | : | |
|     Movant, | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| OL-RICH GA, INC., | : | |
|     Respondent, | : | |
| and | : | |
| | : | |
| TRACEY L. MONTZ, | : | |
|     Trustee. | : | |

MOTION FOR RELIEF FROM STAY

COMES NOW, GEORGIA BANK & TRUST CO. ( hereinafter "GB&T"), pursuant to 11 U.S.C. §362(d), and respectfully shows as follows:

1.

Debtor filed a petition under Chapter 7 in the United States Bankruptcy Court for the Northern District of Georgia, Rome Division, on December 30, 2008.

2.

Tracey L. Montz serves as the Chapter 7 Trustee in this case.

3.

Debtor is indebted to GB&T in the principal amount of $100,219.00, said debt being secured by all equipment and inventory now owed or hereafter acquired, wherever located of business, together with all accessions, accessories and attachments, now or hereafter, said collateral being

shown on a Financing Statement filed in Gwinnett County, Georgia, on May 12, 2008, being No. 004807 (hereinafter "property"). See Exhibit "A" attached and incorporated hereto by reference. The aforementioned property is valued by Debtor, through its corporate representatives, at less than the amount of the debt.

4.

Debtor has defaulted in the interest payments due to GB&T since December, 2008. GB&T has not been afforded adequate protection for its collateral.  11 U.S.C. §361.

5.

There is no equity in the aforementioned property for the benefit of either the Chapter 7 estate or Debtor.  11 U.S.C. §362(d)(2).

6.

Debtor ceased operations in late-September, 2008, and has proposed, through its corporate representatives, the surrender of the aforementioned property to GB&T. The aforementioned property is not necessary for Debtor's fresh start under Chapter 7. 11 U.S.C. section 362(d)(2).

7.

Cause exists for lifting the automatic stay, including the lack of adequate protection.  11 U.S.C. §362(d)(1).

WHEREFORE, GB&T prays that:

(1) a hearing be scheduled in this matter, if necessary;

(2) relief from the automatic stay be granted so as to allow GB&T to immediately dispose of the aforementioned property pursuant to the terms of its Note, Security Agreement, Financing Statement and applicable state law;

(3) the stay provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy

Procedure be waived, and

    (4) the Court render any further relief it may deem just and necessary.

DATED this 13th day of March, 2009.

                                              _____/S/_____  
                                              Wendell S. Agee  
                                              Ga. Bar No. 005558  
                                              Attorney for Movant

Law Offices of Wendell S. Agee, P.C.  
P.O. Box 2374  
Buford, Georgia 30515-2374  
(678) 714-3181

GWINNETT COUNTY
67-2008

004807 MAY 12 ⊛

COPY

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
GARINA SMITH 678-802-4438 LN 17011532-10

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

GEORGIA BANK AND TRUST
135 BRYANT PARKWAY
CALHOUN  GA  30701

17011532/10

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OL-RICH GA INC D/B/A OIL RICH PACKING CO | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |
| 1c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 2155 SUGARSTONE CT | LAWRENCEVILLE | GA / 30043 | USA |
| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE / 1e. TYPE OF ORGANIZATION / 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE / 2e. TYPE OF ORGANIZATION / 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| GEORGIA BANK AND TRUST | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 135 BRYANT PARKWAY | CALHOUN | GA / 30701 | USA |

**4.** This FINANCING STATEMENT covers the following collateral:

ALL EQUIPMENT AND INVENTORY NOW OWNED OR HEREAFTER ACQUIRED, WHEREVER LOCATED OF BUSINESS, TOGETHER WITH ALL ACCESSIONS, ACCESSORIES AND ATTACHMENTS, NOW OR HEREAFTER AFFIXED THERETO.



EXHIBIT "A"

**5. ALTERNATIVE DESIGNATION (if applicable):** LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING

**6.** The FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

Bankers Systems, Inc., St. Cloud, MN  Form UCC-1-LAZ  5/30/2001

FILING OFFICE COPY f NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

| | | |
|---|---|---|
| OL-RICH GA, INC.<br>D/B/A OIL-RICH PACKING COMPANY<br>2155 SUGARSTONE CT<br>LAWRENCEVILLE, GA 30043<br><br>**BORROWER'S NAME AND ADDRESS**<br>"I" includes each borrower above, jointly and severally. | GEORGIA BANK AND TRUST<br>135 BRYANT PARKWAY<br>CALHOUN, GA 30701<br><br>**LENDER'S NAME AND ADDRESS**<br>"You" means the lender, its successors and assigns. | Loan Number __17011532 / 10__<br>Date __04/25/2008__<br>Maturity Date __05/05/2009__<br>Loan Amount $ __100220.00__<br>XXXXXXXX __00251__<br>Fed. T_____ |

For value received, I promise to pay to you, or your order, at your address listed above the PRINCIPAL sum of **ONE HUNDRED THOUSAND TWO HUNDRED TWENTY DOLLARS AND ZERO CENTS** Dollars $ __100,220.00__

☐ **Single Advance:** I will receive all of this principal sum on _____. No additional advances are contemplated under this note.
☒ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____ I will receive the amount of $ _____ and future principal advances are contemplated.
   **Conditions:** The conditions for future advances are __IN COMPLIIANCE WITH THE TERMS AND CONDITIONS AS SET FORTH IN THE LINE OF CREDIT AGREEMENT DATED 04/25/2008.__

☒ **Open End Credit:** You and I agree that I may borrow up to the maximum principal sum more than one time. This feature is subject to all other conditions and expires on __May 05, 2009__.
☐ **Closed End Credit:** You and I agree that I may borrow (subject to all other conditions) up to the maximum principal sum only one time.

**INTEREST:** I agree to pay interest on the outstanding principal balance from __April 25, 2008__ at the rate of __5.750000__ % per year until __the index rate changes__.
☒ **Variable Rate:** This rate may then change as stated below.
   ☒ **Index Rate:** The future rate will be __0.500 % ABOVE__ the following index rate: __Lender's prime, which is the base rate used by Lender to set interest rates at which loans are made to various customers. Loan may be made at, above or below said prime rate.__
   ☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.
   ☒ **Frequency and Timing:** The rate on this note may change as often as __DAILY__.
      A change in the interest rate will take effect __WHEN THE INDEX RATE CHANGES__.
   ☐ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than _____ % or less than _____ %. The rate may not change more than _____ % each _____.
   **Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
   ☒ The amount of each scheduled payment will change.   ☐ The amount of the final payment will change.
   ☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a __ACTUAL # DAYS/360 -DAY YEAR__ basis.
**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
   ☐ on the same fixed or variable rate basis in effect before maturity (as indicated above).
   ☒ at a rate equal to __16.00__.
☒ **LATE CHARGE:** If a payment is made more than __10__ days after it is due, I agree to pay a late charge of __5% of the unpaid amount with a minimum of $100.00__.

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☒ are ☐ are not included in the principal amount above: __SEE DISBURSEMENT AUTHORIZATION__.

**PAYMENTS:** I agree to pay this note as follows:
☒ **Interest:** I agree to pay accrued interest __MONTHLY Beginning June 05, 2008__

☒ **Principal:** I agree to pay the principal __May 05, 2009__

☐ **Installments:** I agree to pay this note in _____ payments. The first payment will be in the amount of $ _____ and will be due _____. A payment of $ _____ will be due _____ thereafter. The final payment of the entire unpaid balance of principal and interest will be due _____.

**PURPOSE:** The purpose of this loan is __WORKING CAPITAL LOC__.
**ADDITIONAL TERMS:**

THIS LINE IS SECURED BY ALL EQUIPMENT AND INVENTORY NOW OWNED OR HEREAFTER
ACQUIRED, WHEREVER LOCATED OF BUSINESS, TOGETHER WITH ALL ACCESSIONS,
ACCESSORIES AND ATTACHMENTS, NOW OR HEREAFTER AFFIXED THERETO AS DESCRIBED
ON UCC-1 PREPARE DATE 04/25/08.
THE PERSONAL GUARANTY OF EUN HYANG KIM AND SONG HWAN KIM.

IA001
81097

UNIVERSAL NOTE AND SECURITY AGREEMENT                                                                  (page 1 of 3)
Express®  ©1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UNS-LAZ-GA 2/9/2001  VMP-9GA(INS21)

## SECURITY

**SECURITY INTEREST:** I give you a security interest in all of the Property described below that I own or have sufficient rights in which to transfer an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products of the Property. "Property" includes all parts, accessories, repairs, replacements, improvements, and accessions to the Property; any original evidence of title or ownership; and all obligations that support the payment or performance of the Property. "Proceeds" includes anything acquired upon the sale, lease, license, exchange, or other disposition of the Property; any rights and claims arising from the Property; and any collections and distributions on account of the Property.

☐ **Inventory:** All inventory which Debtor holds for ultimate sale or lease, or which has been or will be supplied under contracts of service, or which are raw materials, work in process, or materials used or consumed in Debtor's business.

☐ **Equipment:** All equipment including, but not limited to, all machinery, vehicles, furniture, fixtures, manufacturing equipment, farm machinery and equipment, shop equipment, office and recordkeeping equipment, and parts and tools. All equipment described in a list or schedule which Debtor gives to Secured Party will also be included in the secured property, but such a list is not necessary for a valid security interest in Debtor's equipment.

☐ **Farm Products:** All farm products including, but not limited to:
(a) all poultry and livestock and their young, along with their products, produce and replacements;
(b) all crops, annual or perennial, and all products of the crops;
(c) all feed, seed, fertilizer, medicines, and other supplies used or produced in Debtor's farming operations; and
(d) all aquatic goods produced in aquacultural operations.

☐ **Accounts:** All rights Debtor has now and may have in the future to the payment of money including, but not limited to:
(a) payment for goods and other property sold or leased or for services rendered, whether or not Debtor has earned such payment by performance;
(b) rights to payment arising out of all present and future debt instruments, chattel paper and loans and obligations receivable;
(c) all rights Debtor has under any policy of insurance which is a right to payment of a monetary obligation for health care goods or services provided (e.g., health care insurance receivables); and
(d) credit card receivables and license fees.
The above include any supporting obligations, rights and interests (including all liens and security interests) which Debtor may have by law or agreement against any account debtor or obligor of Debtor.

☐ **Instruments (including Promissory Notes), Documents, Chattel Paper (including electronic chattel paper), Letters of Credit Rights, and Other Rights to Payment:** Any rights, and interests, (including all liens and security interests) which Debtor may have by law or agreements against any account debtor or obligor of Debtor.

☐ **General Intangibles:** All general intangibles including, but not limited to, payment intangibles, tax refunds, applications for patents, patents, copyrights, trademarks, trade secrets, good will, trade names, customer lists, permits and franchises, and the right to use Debtor's name.

☐ **Deposit Accounts:** All rights Debtor has now and may have in the future to any demand, time, savings, passbook or similar account maintained at any financial institution.

☐ **Investment Property:** All rights Debtor has now and may have in the future to any certificated or uncertificated security, security entitlement, securities account, commodity contract, commodity account or financial asset.

☐ **Software:** All rights Debtor has and may have in the future to any computer program and supporting information provided in connection with the program.

☐ **Commercial Tort Claims:** All rights Debtor has now and may have in the future arising out of that certain tort claim more particularly described as follows (Provide description of tort claim) _____

☐ **Government Payments and Programs:** All payments, accounts, general intangibles, or other benefits (including, but not limited to, payments in kind, deficiency payments, letters of entitlement, warehouse receipts, storage payments, emergency assistance payments, diversion payments, and conservation reserve payments) in which Debtor now has and in the future may have any rights or interests and which arise under or as a result of any preexisting, current or future federal or state governmental program (including, but not limited to, all programs administered by the Commodity Credit Corporation and ASCS).

☒ The Property includes, but is not limited by, the following:
UCC-1 COVERING EQUIP, INVENTORY, PREPARED DATE 04/25/08.

If this agreement covers timber to be cut, minerals (including oil and gas), fixtures or crops growing or to be grown, the legal description is:

If applicable, enter real estate description and record owner information: _____

The Property will be used for a ☐ personal ☒ business ☐ agricultural ☐ _____ purpose.
Borrower/Owner State of organization/registration (if applicable) **GEORGIA**

### ADDITIONAL TERMS OF THE SECURITY AGREEMENT

**GENERALLY** - This agreement secures this note and any other debt I have with you, now or later. However, it will not secure other debts if you fail with respect to such other debts, to make any required disclosure about this security agreement or if you fail to give any required notice of the right of rescission. If property described in this agreement is located in another state, this agreement may also, in some circumstances, be governed by the law of the state in which the Property is located.
**NAME AND LOCATION** - My name indicated on page 1 is my exact legal name. If I am an individual, my address is my principal residence. If I am not an individual, my address is the location of my chief executive offices or sole place of business. If I am an entity organized and registered under state law, my address is located in the state in which I am registered, unless otherwise indicated on page 2. I will provide verification of registration and location upon your request. I will provide you with at least 30 days notice prior to any change in my name, address, or state of organization or registration.
**OWNERSHIP AND DUTIES TOWARD PROPERTY** - I represent that I own all of the Property, or to the extent this is a purchase money security interest I will acquire ownership of the Property with the proceeds of the loan. I will defend it against any other claim. Your claim to the Property is ahead of the claims of any other creditor. I agree to do whatever you require to protect your security interest and to keep your claim in the Property ahead of the claims of other creditors. I will not do anything to harm your position. I will not use the Property for a purpose that will violate any laws or subject the Property to forfeiture or seizure.
I will keep books, records and accounts about the Property and my business in general. I will let you examine these records at any reasonable time. I will prepare any report or accounting you request, which deals with the Property.
I will keep the Property in my possession and will keep it in good repair and use it only for the purpose(s) described on page 1 of this agreement. I will not change this specified use without your express written permission. I represent that I am the original owner of the Property and, if I am not, that I have provided you with a list of prior owners of the Property.
I will keep the Property at my address listed on page 1 of this agreement, unless we agree I may keep it at another location. If the Property is to be used in another state, I will give you a list of those states. I will not try to sell the Property unless it is Inventory or I receive your written permission to do so. If I sell the Property I will have the payment made payable to the order of you and me.
You may demand immediate payment of the debt(s) if the debtor is not a natural person and without your prior written consent; (1) a beneficial interest in the debtor is sold or transferred, or (2) there is a change in either the identity or number of members of a partnership, or (3) there is a change in ownership of more than 25 percent of the voting stock of a corporation.
I will pay all taxes and charges on the Property as they become due. You have the right of reasonable access in order to inspect the Property. I will immediately inform you of any loss or damage to the Property.
If I fail to perform any of my duties under this security agreement, or any mortgage, deed of trust, lien or other security interest, you may without notice to me perform the duties or cause them to be performed. Your right to perform for me shall not create an obligation to perform and your failure to perform will not preclude you from exercising any of your other rights under the law or this security agreement.
**PURCHASE MONEY SECURITY INTEREST** - For the sole purpose of determining the extent of a purchase money security interest arising under this security agreement: (a) payments on any nonpurchase money loan also secured by this agreement will not be deemed to apply to the Purchase Money Loan, and (b) payments on the Purchase Money Loan will be deemed to apply first to the nonpurchase money portion of the loan, if any, and then to the purchase money obligations in the order in which the items of collateral were acquired or if acquired at the same time, in the order selected by you. No security interest will be terminated by application of this formula. "Purchase Money Loan" means any loan the proceeds of which, in whole or in part, are used to acquire any collateral securing the loan and all extensions, renewals, consolidations and refinancing of such loan.
**PAYMENTS BY LENDER** - You are authorized to pay, on my behalf, charges I am or may become obligated to pay to preserve or protect the secured property (such as property insurance premiums). You may treat those payments as advances and add them to the unpaid principal under the note secured by this agreement or you may demand immediate payment of the amount advanced.

(page 2 of 3)

Experí® ©1994, 1991 Bankers Systems, Inc., St. Cloud, MN Form UNS-LAZ-GA 2/9/2001 Custom MDF-EGAUNEZ1

**INSURANCE** - I agree to buy insurance on the Property against the risks and for the amounts you require and to furnish you continuing proof of coverage. I will have the insurance company name you as loss payee on any such policy. You may require added security if you agree that insurance proceeds may be used to repair or replace the Property. I will buy insurance from a firm licensed to do business in the state where my are located. The firm will be reasonably acceptable to you. The insurance will last until the Property is released from this agreement. If I fail to buy or maintain the insurance (or fail to name you as loss payee) you may purchase it yourself.

**WARRANTIES AND REPRESENTATIONS** - If this agreement includes accounts, I will not settle any account for less than its full value without your written permission. I will collect all accounts until you tell me otherwise. I will keep the proceeds from all the accounts and any goods which are returned to me or which I take back in trust for you. I will not mix them with any other property of mine. I will deliver them to you at your request. If you ask me to pay you the full price on any returned items or items retaken by myself, I will do so. You may exercise my rights with respect to obligations of any account debtors, or other persons obligated on the Property, to pay or perform, and you may enforce any security interest that secures such obligations.

If this agreement covers inventory, I will not dispose of it except in my ordinary course of business at the fair market value for the Property, or at a minimum price established between you and me.

If this agreement covers farm products, I will provide you, at your request, a written list of the buyers, commission merchants or selling agents to or through whom I may sell my farm products. In addition to those parties named on this written list, I authorize you to notify at your sole discretion any additional parties regarding your security interest in my farm products. I remain subject to all applicable penalties for selling my farm products in violation of my agreement with you and the Food Security Act. In this paragraph the terms farm products, buyers, commission merchants and selling agents have the meanings given to them in the Federal Food Security Act of 1985.

If this agreement covers chattel paper or instruments, either as original collateral or proceeds of the Property, I will note your interest on the face of the chattel paper or instruments.

**REMEDIES** - I will be in default on this security agreement if I am in default on any note this agreement secures or if I fail to keep any promise contained in the terms of this agreement. If I default, you have all of the rights and remedies provided in the note and under the Uniform Commercial Code. You may require me to make the secured property available to you at a place which is reasonably convenient. You may take possession of the secured property and sell it as provided by law. The proceeds will be applied first to your expenses and then to the debt. I agree that 10 days written notice sent to my last known address by first class mail will be reasonable notice under the Uniform Commercial Code. My current address is on page 1.

**PERFECTION OF SECURITY INTEREST** - I authorize you to file a financing statement covering the Property. I will comply with, facilitate, and otherwise assist you in connection with obtaining possession of or control over the Property for purposes of perfecting your security interest under the Uniform Commercial Code.

### ADDITIONAL TERMS OF THE NOTE

**DEFINITIONS** - As used on pages 1, 2, and 3, "☒" means the terms that apply to this loan. "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.

**APPLICABLE LAW** - The law of the state of Georgia will govern this agreement. Any term of this agreement which is contrary to applicable law will not be effective, unless the law permits you and me to agree to such a variation. If any provision of this agreement cannot be enforced according to its terms, this fact will not affect the enforceability of the remainder of this agreement. No modification of this agreement may be made without your express written consent. Time is of the essence in this agreement.

**PAYMENTS** - Each payment I make on this note will first reduce the amount I owe you for charges which are neither interest nor principal. The remainder of each payment will then reduce accrued unpaid interest, and then unpaid principal. If you and I agree to a different application of payments, we will describe our agreement on this note. I may prepay a part of, or the entire balance of this loan without penalty, unless we specify to the contrary on this note. Any partial prepayment will not excuse or reduce any later scheduled payment until this note is paid in full (unless, when I make the prepayment, you and I agree in writing to the contrary).

**INTEREST** - Interest accrues on the principal remaining unpaid from time to time, until paid in full. If I receive the principal in more than one advance, each advance will start to earn interest only when I receive the advance. The interest rate in effect on this note at any given time will apply to the entire principal sum outstanding at that time. Notwithstanding anything to the contrary, I do not agree to pay and you do not intend to charge any rate of interest that is higher than the maximum rate of interest you could charge under applicable law for the extension of credit that is agreed to in this note (either before or after maturity). If any notice of interest accrual is sent and is in error, we mutually agree to correct it, and if you actually collect more interest than allowed by law and this agreement, you agree to refund it to me.

**INDEX RATE** - The index will serve only as a device for setting the interest rate on this note. You do not guarantee by selecting this index, or the margin, that the interest rate on this note will be the same rate you charge on any other loans or class of loans you make to me or other borrowers.

**POST MATURITY RATE** - For purposes of deciding when the "Post Maturity Rate" (shown on page 1) applies, the term "maturity" means the date of the last scheduled payment indicated on page 1 of this note or the date you accelerate payment on the note, whichever is earlier.

**SINGLE ADVANCE LOANS** - If this is a single advance loan, you and I expect that you will make only one advance of principal. However, you may add other amounts to the principal if you make any payments described in the "PAYMENTS BY LENDER" paragraph on page 2.

**MULTIPLE ADVANCE LOANS** - If this is a multiple advance loan, you and I expect that you will make more than one advance of principal. If this is closed end credit, repaying a part of the principal will not entitle me to additional credit.

**SET-OFF** - I agree that you may set off any amount due and payable under this note against any right I have to receive money from you. "Right to receive money from you" means:
(1) any deposit account balance I have with you;
(2) any money owed to me on an item presented to you or in your possession for collection or exchange; and
(3) any repurchase agreement or other nondeposit obligation.
"Any amount due and payable under this note" means the total amount of which you are entitled to demand payment under the terms of this note at the time you set off. This total includes any balance the due date for which you properly accelerate under this note.

If my right to receive money from you is also owned by someone who has not agreed to pay this note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement. Your right of set-off does not apply to an account or other obligation where my rights are only as a representative. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set off this debt against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right to set-off.

**DEFAULT** - I will be in default if any one or more of the following occur: (1) I fail to make a payment on time or in the amount due; (2) I fail to keep the Property insured, if required; (3) I fail to pay, or keep any promise, on any debt or agreement I have with you; (4) any other creditor of mine attempts to collect any debt I owe him through court proceedings; (5) I die, am declared incompetent, make an assignment for the benefit of creditors, or become insolvent (either because my liabilities exceed my assets or I am unable to pay my debts as they become due); (6) I make any written statement or provide any financial information that is untrue or inaccurate at the time it was provided; (7) I do or fail to do something which causes you to believe you will have difficulty collecting the amount I owe you; (8) any collateral securing this note is used in a manner or for a purpose which threatens confiscation by a legal authority; (9) I change my name or assume an additional name without first notifying you before making such a change; (10) I fail to plant, cultivate and harvest crops in due season; (11) any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 C.F.R. Part 1940, Subpart G, Exhibit M.

**REMEDIES** - If I am in default on this note you have, but are not limited to, the following remedies:
(1) You may demand immediate payment of all I owe you under this note (principal, accrued unpaid interest and other accrued unpaid charges).
(2) You may set off this debt against any right I have to the payment of money from you, subject to the terms of the "SET-OFF" paragraph herein.
(3) You may demand security, additional security, or additional parties to be obligated to pay this note as a condition for not using any other remedy.
(4) You may refuse to make advances to me or allow purchases on credit by me.
(5) You may use any remedy you have under state or federal law.
(6) You may make use of any remedy given to you in any agreement securing this note.

By selecting any one or more of these remedies you do not give up your right to use later any other remedy. By waiving your right to declare an event to be a default, you do not waive your right to consider later the event a default if it continues or happens again.

**COLLECTION COSTS AND ATTORNEY'S FEES** - I agree to pay all costs of collection, replevin or any other similar type of cost if I am in default. In addition, if you hire an attorney to collect this note, I also agree to pay any fee, not to exceed 15 percent of the principal and interest then owed, you incur with such attorney plus court costs (except where prohibited by law). To the extent permitted by the United States Bankruptcy Code, I also agree to pay the reasonable attorney's fees and costs you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

**WAIVER** - I give up my rights to require you to do certain things. I will not require you to:
(1) demand payment of amounts due (presentment);
(2) obtain official certification of nonpayment (protest);
(3) give notice that amounts due have not been paid (notice of dishonor); or
(4) give me notice prior to seizure of my personal property when you are seeking to foreclose a secured interest in any of my personal property used to secure a commercial transaction.

I waive any defenses I have based on suretyship or impairment of collateral.

**OBLIGATIONS INDEPENDENT** - I understand that I must pay this note even if someone else has also agreed to pay it (by, for example, signing this form or a separate guarantee or endorsement). You may sue me alone, or anyone else who is obligated on this note, or any number of us together, to collect this note. You may without notice release any party to this agreement without releasing any other party. If you give up any of your rights, with or without notice, it will not affect my duty to pay this note. Any extension of new credit to any of us, or renewal of this note by all or less than all of us will not release me from my duty to pay it. (Of course, you are entitled to only one payment in full.) I agree that you may at your option extend this note or the debt represented by this note, or any portion of the note or debt, from time to time without limit or notice and for any term without affecting my liability for payment of the note. I will not assign my obligation under this agreement without your prior written approval.

**FINANCIAL INFORMATION** - I agree to provide you, upon request, any financial statement or information you may deem necessary. I warrant that the financial statements and information I provide to you are or will be accurate, correct and complete.

SIGNATURES AND SEALS: IN WITNESS WHEREOF, I HAVE SIGNED MY NAME AND AFFIXED MY SEAL ON THIS __25TH__ DAY OF __APRIL 2008__. BY DOING SO, I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGES 1, 2, AND 3). I HAVE RECEIVED A COPY ON TODAY'S DATE.

OL-RICH GA, INC.

BY: _____ (SEAL)    BY: _____ (SEAL)
EUN HYANG KIM  SECRETARY              SONG HWAN KIM  CEO/CFO   POA

_____ (SEAL)    _____ (SEAL)

_____ (SEAL)    _____ (SEAL)

SIGNATURE FOR LENDER: _____

ExPere © 1984, 1991 Bankers Systems, Inc., St. Cloud, MN  Form UNS-LAZ-GA  2/3/2001 Custom  MDF. EGRUNSZ1    (page 3 of 3)

# LINE OF CREDIT

| Borrower | Lender | |
|---|---|---|
| OL-RICH GA, INC.<br>D/B/A OIL-RICH PACKING COMPANY<br>2165 SUGARSTONE CT<br>LAWRENCEVILLE, GA 30043 | GEORGIA BANK AND TRUST<br>135 BRYANT PARKWAY<br>CALHOUN, GA 30701 | Line of Credit No. 17011532 / 10<br>Date April 25, 2008<br>Max. Credit Amt. 100,220.00<br>Loan Ref. No. |
| **BORROWER'S NAME AND ADDRESS**<br>"I" includes each borrower above, jointly and severally. | **LENDER'S NAME AND ADDRESS**<br>"You" means the lender, its successors and assigns. | |

You have extended to me a line of credit in the
AMOUNT of **ONE HUNDRED THOUSAND TWO HUNDRED TWENTY DOLLARS AND ZERO CENTS**   $ 100220.00

You will make loans to me from time to time until 4:00 P.m. on May 05, 2009. Although the line of credit expires on that date, I will remain obligated to perform all my duties under this agreement so long as I owe you any money advanced according to the terms of this agreement, as evidenced by any note or notes I have signed promising to repay these amounts.

This line of credit is an agreement between you and me. It is not intended that any third party receive any benefit from this agreement, whether by direct payment, reliance for future payment or in any other manner. This agreement is not a letter of credit.

**1. AMOUNT:** This line of credit is:

☒ OBLIGATORY: You may not refuse to make a loan to me under this line of credit unless one of the following occurs:
  a. I have borrowed the maximum amount available to me;
  b. This line of credit has expired;
  c. I have defaulted on the note (or notes) which show my indebtedness under this line of credit;
  d. I have violated any term of this line of credit or any note or other agreement entered into in connection with this line of credit;
  e. _____

☐ DISCRETIONARY: You may refuse to make a loan to me under this line of credit once the aggregate outstanding advances equal or exceed $ _____.

Subject to the obligatory or discretionary limitations above, this line of credit is:

☒ OPEN-END (Business or Agricultural only): I may borrow up to the maximum amount of principal more than one time.
☐ CLOSED-END: I may borrow up to the maximum only one time.

**2. PROMISSORY NOTE:** I will repay any advances made according to this line of credit agreement as set out in the promissory note, I signed on April 25, 2008, or any note(s) I sign at a later time which represent advances under this agreement. The note(s) set(s) out the terms relating to maturity, interest rate, repayment and advances. If indicated on the promissory note, the advances will be made as follows:
REQUESTS FOR ADVANCES MAY BE MADE IN PERSON, BY PHONE OR FAX BY EUN HYANG KIM OR SONG HWAN KIM BY 1:30 PM OF THE DESIRED DEPOSIT DAY WITH INSTRUCTIONS FOR DISBURSEMENT.

**3. RELATED DOCUMENTS:** I have signed the following documents in connection with this line of credit and note(s) entered into in accordance with this line of credit:

☐ security agreement dated _____    ☒ UCC    04/25/2008
☐ mortgage dated _____    ☐ _____
☒ guaranty dated 04/25/2008    ☐ _____

**4. REMEDIES:** If I am in default on the note(s) you may:
  a. take any action as provided in the related documents;
  b. without notice to me, terminate this line of credit.
By selecting any of these remedies you do not give up your right to later use any other remedy. By deciding not to use any remedy should I default, you do not waive your right to later consider the event a default, if it happens again.

**5. COSTS AND FEES:** If you hire an attorney to enforce this agreement I will pay your reasonable attorney's fees, where permitted by law. I will also pay your court costs and costs of collection, where permitted by law.

**6. COVENANTS:** For as long as this line of credit is in effect or I owe you money for advances made in accordance with the line of credit, I will do the following:
  a. maintain books and records of my operations relating to the need for this line of credit;
  b. permit you or any of your representatives to inspect and/or copy these records;
  c. provide to you any documentation requested by you which support the reason for making any advance under this line of credit;
  d. permit you to make any advance payable to the seller (or seller and me) of any items being purchased with that advance;
  e. _____

**7. NOTICES:** All notices or other correspondence with me should be sent to my address stated above. The notice or correspondence shall be effective when deposited in the mail, first class, or delivered to me in person.

**8. MISCELLANEOUS:** This line of credit may not be changed except by a written agreement signed by you and me. The law of the state in which you are located will govern this agreement. Any term of this agreement which is contrary to applicable law will not be effective, unless the law permits you and me to agree to such a variation.

FOR THE LENDER
_Gloria Brown_ (signature)
GLORIA BROWN
Title VICE-PRESIDENT

SIGNATURES: I AGREE TO THE TERMS OF THIS LINE OF CREDIT. I HAVE RECEIVED A COPY ON TODAY'S DATE.
OL-RICH GA, INC.
By: _signature_    EUN HYANG KIM    SECRETARY
By: _signature_    SONG HWAN KIM    CEO/CFO
By: _signature_    /POA
By: _____

© 1985 BANKERS SYSTEMS, INC., ST. CLOUD, MN 56301 (1-800-397-2341) FORM LCA 5/2/91 MDF    EGALCA    (page 1 of 1)



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| OL-RICH GA, INC., | : | Case No. 08-44461-pwb |
| dba OL-RICH PACKING COMPANY, | : | |
| Debtor. | : | Judge Bonapfel |

_____

| | | |
|---|---|---|
| | : | |
| GEORGIA BANK & TRUST CO., | : | |
| Movant, | : | |
| v. | : | |
| | : | CONTESTED MATTER |
| OL-RICH GA, INC., | : | |
| Respondent, | : | |
| and | : | |
| | : | |
| TRACEY L. MONTZ, | : | |
| Trustee. | : | |

### CONSENT ORDER

This matter having come before the Court without hearing inasmuch as this Consent Order was presented at the time the Motion for Relief from Stay was filed by GEORGIA BANK & TRUST CO. (hereinafter "GB&T") seeking relief from the automatic stay as it pertains to all equipment and

inventory owned or hereafter acquired, wherever located of business, together with all accessions, accessories and attachments, now or hereafter affixed thereto, said property being referenced on a Financing Statement filed in Gwinnett County, Georgia on May 12, 2008, being No. 004807 (hereinafter "property"), and the debtor, through counsel, having both consented to the requested relief and waived the stay provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy, and there being no opposition to the requested relief by the Chapter 7 Trustee,

IT IS HEREBY ORDERED that the Motion for Relief from Stay be, and is hereby, GRANTED pursuant to 11 U.S.C. §362(d) so as to allow the immediate surrender of the aforementioned property to GB&T.

IT IS FURTHER ORDERED that any excess proceeds realized by GB&T from the sale of the aforementioned property be reported to the Chapter 7 Trustee.

IT IS FURTHER ORDERED that the Clerk serve copies of this Consent Order on the parties indicated on the Distribution List attached hereto and incorporated herein by reference.

**END OF DOCUMENT**

(Signatures on next page)

Prepared and presented by:

/S/ Wendell S. Agee
Wendell S. Agee
Attorney for Movant
GA Bar No. 005558
Law Offices of Wendell S. Agee, P.C.
P.O. Box 2374
Buford, GA 30515-2374
(678) 714-3181


Reviewed by:

Tracey L. Montz
Chapter 7 Trustee
Suite 200C-#406
2100 Roswell Road
Marietta, GA 30062-3813
(404) 713-6472

Consented to:

Ian M. Falcone
Counsel for Debtor
GA Bar No. 254470
The Falcone Law Firm, P.C.
363 Lawrence Street
Marietta, GA 30060
(770) 426-9359

Distribution List:

Wendell S. Agee
Law Offices of Wendell S. Agee, P.C.
P.O. Box 2374
Buford, GA 30515-2374

Ol-Rich GA, Inc.
2155 Sugarstone Ct.
Lawrenceville, GA 30043

Tracey L. Montz
Chapter 7 Trustee
Suite 200C-#406
2100 Roswell Road
Marietta, GA 30062-3813

Ian M. Falcone
The Falcone Law Firm, P.C.
363 Lawrence Street
Marietta, GA 30060

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above MOTION FOR RELIEF FROM STAY was sent by U. S. Mail, properly addressed and with correct postage to the following:

OL-Rich, GA, Inc.
2155 Sugarstone Court
Lawrenceville, GA 30043

Ian M. Falcone
The Falcone Law Firm, P.C.
363 Lawrence Street
Marietta, GA 30060

Tracey L. Montz
Chapter 7 Trustee
Suite 200C-#406
2100 Roswell Road
Marietta, GA 30062-3813

Dated, this 13th day of March, 2009.

_____/S/_____
Wendell S. Agee